Ruffin, C. J.
 

 It is stated by Lord Coke, 1 Just. 47. a. that a horse, when a man or woman is riding on him, or an axe in a man’s hand cutting Wood, are for that time privileged, and cannot be distrained. But this does not apply to a seizure in execution, though it is probable the objection here taken may have been drawn from it, upon some notion that the cases were similar. Very clearly the passage does not justify it, for it is confined to distress for rent or of beasts
 
 damage feasant,
 
 and we know that many things can be taken on execution, which cannot, under like circumstances, be distrained. Though we find the rule thus clearly stated,
 
 *104
 
 with respect to distress, there is no such doctrine in any j with respect to process of execution. There is an ob- [ vious distinction between the cases, which furnishes the reason of the difference, which is, that making distress is the act of the party himself, to whom the law entrusts to some extent the power of self redress, and the seizure upon execution is the act of an indifferent minister of the law, not probably disposed to make an unnecessary seizure, or to make it at an unseasonable period. A man’s house protects'him and his property, if to be got at only by breaking the house,— But there is no authority or reason, which would exempt from seizure, an article in the use of the owner, which would not equally protect it, if in his presence merely. It is as much the duty of the party to surrender to the officer the horse he is riding; as it is to allow him peaceably to take the horse from which he has just dismounted ; and a breach of the peace, or resistance to the authority of the officer, is not more provoked or probable in the one case than in the other: the law requiring in each case submission to its pro- ' cess, and conferring the power to use such force as may be needed to execute the process effectually.
 

 Judgment affirmed. Per Curiam.